(C.D. 3226)

FRIDEN, INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided December 13, 1967)

*Petty, Andrews, Olsen & Tufts* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: Counsel have submitted these cases on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the merchandise involved in the protests listed in the attached schedule and here in issue consist of certain adding machine parts manufactured in the United States and returned after having been exported for assembly into machines or machine components constructed in part of such products of the United States, without being advanced in value or improved in condition by any proceeds [sic] or manufacture, or other means, and without drawback having been paid, or allowed; that the

said adding machine parts were denied entry free of duty because of non-compliance with Section 10.1 of the Customs Regulations, and specifically Section 10.1(3), in the absence of other satisfactory evidence that they were products of the United States. Documentation substantiating United States origin of this merchandise was filed with the Collector/District Director after the 90-day review period had elapsed.

IT IS FURTHER STIPULATED AND AGREED that all documents that would have been required to satisfy the Collector/District Director have been presented to the Collector/District Director and the merchandise would have been permitted free entry under 807.00 TSUS if the documents had been presented to the Collector/District Director prior to liquidation of the entries or the entries would have been reliquidated and free entry allowed if presented within the review period provided in Section 515 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the entry papers and attached documents covered by the protests listed in the attached schedule be admitted into evidence herein and that the protests be submitted for decision on the basis of the foregoing stipulation.

Accepting this stipulation as an agreed statement of facts, we hold that the articles covered by the invoices with the entries in the protests listed in schedule A, attached hereto and made a part hereof, consist in whole or in part of adding machine parts, products of the United States, exported without drawback for the purpose of assembly into machines or machine components, and thereafter assembled abroad and returned to the United States without having been advanced in value or improved in condition abroad by any means other than by assembly, dutiable upon their full value, less the cost or value of such products of the United States, under TSUS item 807.00.

To the extent indicated the protests are sustained. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will be entered accordingly.